**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**THE OHIO CASUALTY INSURANCE COMPANY**                    **PLAINTIFF**

**V.**                                        **CAUSE NUMBER: 4:26-cv-00011-JDM-JMV**

**FANNIE LOU HAMER CANCER FOUNDATION**                    **DEFENDANT**

**ORDER DENYING MOTION**
**TO DISMISS COUNTERCLAIM**

This is a diversity jurisdiction case in which Mississippi substantive law controls. Important here is Mississippi's one-year statute of limitations for performance-bond suits.[1] The statute requires a suit on a performance bond be commenced within one year "after the earlier of the abandonment by the bond principal or termination by the bond obligee."

Defendant Fannie Lou Hamer Cancer Foundation (the Foundation) contracted with a construction company for a building project in Ruleville, Mississippi. Plaintiff, The Ohio Casualty Insurance Company, issued the performance bond. There is no apparent dispute that at some point the construction company abandoned the project. What is in dispute is *when* that abandonment occurred.

On January 30, 2026, Ohio Casualty filed a complaint for declaratory judgment against the Foundation. [1] The complaint alleges the construction company abandoned the project in December 2024—more than one year before Ohio Casualty filed its action. Based on its allegation the statute of limitations had run, Ohio Casualty seeks a declaration that it has no obligation under the performance bond.

---

[1] Miss. Code § 85-7-432(5).

1

The Foundation answered the complaint on April 28, 2026. [7] It denied the allegation that the project had been abandoned in December 2024. According to the Foundation's pleading, the project was abandoned in May 2025—the date the extended completion deadline expired. The Foundation brought a counterclaim asserting Ohio Casualty has refused to pay on the performance bond despite the construction company's breach of contract. The counterclaim was lodged just shy of one year after the alleged abandonment date.

Ohio Casualty has moved to dismiss the Foundation's counterclaim under Federal Rule of Civil Procedure 12(b)(6). [9] Ohio Casualty asserts the Foundation's counterclaim is barred by the one-year statute of limitations. The Foundation did not timely respond to Ohio Casualty's dispositive motion. *See* LOCAL UNIFORM CIV. R. 7(b)(4) ("Counsel for respondent must, within 14 days after service of a movant's motion and memorandum brief, file a response and memorandum brief in support of the response."). Even so, the Court finds the motion to dismiss should be denied. *See* LOCAL UNIFORM CIV. R. 7(b)(3)(E) (excluding dispositive motions from motions that may be granted as unopposed when a party fails to respond).

The motion is denied for the simple reason that granting the motion would require the Court to resolve an alleged factual dispute—namely, when was the project abandoned? This fact is key not only to the Foundation's counterclaim but also to Ohio Casualty's declaratory action. And "[t]he the Court does not resolve any disputed fact issues on a motion to dismiss." *Gonzalez v. Int'l Med. Devices, Inc.*, 787 F. Supp. 3d 776, 787 (W.D. Tex. 2025) (citing *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 633 (1999)). Instead, when faced with a Rule 12(b)(6) motion to dismiss, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff"—or in this case the counter-plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Ohio Casualty asserts this Court should not accept all of the Foundation's counterclaim as true because "several facts alleged in the Foundation's Counterclaim do not align with the documents it cites." [10] The Court agrees with Ohio Casualty that, because these documents were attached to Ohio Casualty's complaint and referenced in the Foundation's counterclaim, it may consider these documents without converting the motion to dismiss into a motion for summary judgment. *See Maloney Gaming Mgmt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011). The Court also agrees that, in paragraph 8 of the counterclaim, the Foundation misquotes the letter it cites. The counterclaim alleges that, on May 16, 2025, the Foundation wrote to Ohio Casualty that "[t]here has been no work on our project since December 2025." But the letter the Foundation quotes stated "[t]here has been no work on our project since December 2024." [1-2] To the extent the attached letter contradicts the Foundation's allegation, this Court agrees the letter—and the reference to December 2024—controls.[2] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) ("If such an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.").

But the Court disagrees that the May 16, 2026 letter amounts to a concession by the Foundation that the contractor abandoned the project in December 2024. The Foundation specifically denied in its answer and counterclaim that the project was abandoned in December 2024. Instead, the Foundation alleges the abandonment did not occur until May 2025. This is the date when the contractor, after allegedly being given six more months to complete the project, did

---

[2] The Court also agrees that the Counterclaim's allegation in paragraph 10 that "November 2025" was the original date of completion makes no sense in its context. That same paragraph alleges the completion date "was *extended* to May 9, 2025." (Emphasis added.) So the Court assumes the Foundation meant November 2024, consistent with its earlier allegation in paragraph 7.

not complete it as agreed. This is also the date the Foundation sent the May 16, 2025 letter stating it "can conclude [the contractor] has abandoned this project." [1-1]

At this stage, the Court will not wade into determining when, in fact, the project was abandoned for statute of limitations purposes. "A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020). This is especially so here, where the motion to dismiss seeks to test not only the merits of the Foundation's counterclaim but also Ohio Casualty's declaratory action.

Instead, a motion to dismiss "must show that, even in the [counter] plaintiff's best-case scenario, the [counter] complaint does not state a plausible case for relief." *Id.* Again, the Court must view the Foundation's allegations and exhibits in the light most favorable to the Foundation. And it must assume the counterclaim's allegations "are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Best-case scenario, the Foundation's counterclaim states a plausible case for relief. *Sewell*, 974 F.3d at 581; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the "plausibility standard is not akin to a 'probability requirement').

Therefore, Ohio Casualty's motion to dismiss the Foundation's counterclaim [9] is **DENIED**.

**SO ORDERED** this the 23rd day of July, 2026.

 /s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

4