**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| **THE OHIO CASUALTY INSURANCE COMPANY** | **PLAINTIFF** |
| **V.** | **CAUSE NUMBER: 4:26-cv-00011-JDM-JMV** |
| **FANNIE LOU HAMER CANCER FOUNDATION** | **DEFENDANT** |

## ORDER AND MEMORANDUM OPINION

Many risks are associated with construction projects. That's why project owners often secure so called "performance bonds" from third-party surety companies. Performance bonds obligate the contractor to perform under the contract's terms. And if the contractor fails to deliver as agreed, the project owner is compensated.

Here, Fannie Lou Hamer Cancer Foundation hired KT Home Construction to build the second phase of a cancer center in the Mississippi Delta. A performance bond was secured and construction began. But construction was never completed because KT abandoned the project.

Now this Court is faced with a fight over this performance bond.

The plaintiff—surety company The Ohio Casualty Insurance Company—initiated this lawsuit. What it wants is a declaratory judgment that because the Foundation waited too late to make a claim, it is not liable under the performance bond. And it seeks summary judgment. [29] The Foundation disagrees and has counterclaimed. [7] It is suing Ohio Casualty for not compensating it under the bond's terms, and suggests its claim is timely.

Under Mississippi law, there is a hard-edged one-year statute of limitations for performance bond claims.[1] And the law is crystal clear—the one-year limitation period starts running immediately when the contractor (bond principal) abandons the project. Because it has been conclusively established that KT abandoned the project *more than one year* before the Foundation filed its counterclaim, that claim—and any other bond claim against Ohio Casualty—is barred.

So summary judgment must be granted for Ohio Casualty.

**Facts**

The Foundation[2] entered a contract with KT[3] to build Phase 2 of a cancer center in Ruleville, Mississippi. Ohio Casualty issued a performance bond for $1,850,000.

KT's work was unquestionably poor. And it eventually abandoned the project in December 2024. Indeed, board minutes from a December 2024 Foundation meeting show the Foundation knew KT had abandoned the project.

And in May 2025, the Foundation sent a "notice of claim" to Ohio Casualty. The notice of claim also documented that KT had abandoned the project in December 2024. In response, Ohio Casualty acknowledged receipt of the claim and requested additional information for its investigation. The Foundation's then-attorney responded to Ohio Casualty's letter. Curiously, she was adamant the Foundation *would not* supply the requested documents Ohio Casualty needed to evaluate the bond claim. So Ohio Casualty's attorney reached out to the Foundation again. And he emphasized the significance of the requested documents, assuring the Foundation's attorney the documents were pertinent to review the bond claim. Roughly two months later, the Foundation and its attorney met with Ohio Casualty and finally agreed to provide the requested documents. In

[1] Mississippi Code Annotated § 85-7-432(5)(a).
[2] Owner/bond obligee.
[3] Bond principal.

response, the Foundation asked Ohio Casualty to provide certain documents too. Ohio Casualty complied—the Foundation never did.

In early September 2025, the Foundation informed Ohio Casualty that it had retained a new lawyer. And on December 31, 2025, that attorney sent a letter to Ohio Casualty again affirming KT had abandoned the project in December 2024. He also demanded Ohio Casualty pay the full bond amount.

## I. Course of Proceedings

In January 2026, Ohio Casualty filed a Complaint for Declaratory Judgment. It sought a declaration that it is no longer liable under the performance bond. Its cited reason was the Foundation's failure to file its claim within the mandatory one-year statute of limitations. On April 28, 2026, the Foundation responded with its answer, defenses, and a counterclaim. In the counterclaim, the Foundation completely changed course. It now alleged KT abandoned the project in May 2025—within the one-year limitations period. And it sought damages of over $5,350,000.

Ohio Casualty moved to dismiss the counterclaim. The Foundation did not respond. This Court still denied the motion to dismiss. That's because at the Rule 12(b)(6) stage, the Court could not resolve the factual dispute over the abandonment date.

During discovery, the Foundation's legal apathy continued. It did not serve its initial disclosures. And it likewise failed to respond to Ohio Casualty's discovery requests within thirty days of service, as required. This dereliction—by operation of law under Federal Rule of Civil Procedure 36(a)(3)—resulted in all of Ohio Casualty's requests for admissions being deemed conclusively "admitted." This includes the admission that KT abandoned the project on or before December 31, 2024.

Ohio Casualty filed a Motion for Summary Judgment. [29] It argues the one-year statute of limitations bars the Foundation's counterclaim and other potential bond-related claims. The Foundation responded, arguing that the one-year statute of limitations did not begin to accrue until certain bond requirements were met.

After Ohio Casualty moved for summary judgment, the Foundation filed a Motion to Stay Discovery. [36] It seeks a stay pending this Court's decision on Ohio Casualty's Motion for Summary Judgment. Because the Court grants Ohio Casualty summary judgment, the Court denies the motion to stay as moot.

**Summary Judgment Standard**

Summary judgment is warranted when "there is no genuine issue as to any material fact and [] the nonmoving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c) (current version at FED. R. CIV. P. 56(a))). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.*

"[A] party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. In response, the nonmoving party must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. "Summary judgment is appropriate where the undisputed facts demonstrate that a claim is time-barred." *Babin v. Quality Energy Servs., Inc.*, 877 F.3d 621, 624 (5th Cir. 2017).

## Discussion

After review, Ohio Casualty is entitled to summary judgment. That's because the Foundation's counterclaim, and other potential claims under the bond, are time-barred.

### I. Statute of Limitations

Both parties agree that because this diversity action involves a performance bond, Mississippi Code Annotated § 85-7-432(5)(a) controls. Under Section 85-7-432(5)(a), "[w]hen suit is instituted in a performance bond given in accordance with this chapter, it shall be commenced within one (1) year after the obligee shall have made final payment on the contract[.]" But as to abandonment, the statute is clear that "*if the contract is abandoned by the general contractor as bond principal* or is terminated by the bond obligee, *suit shall be commenced within one (1) year after the earlier of the abandonment by the bond principal* or termination by the bond obligee." *Id.* (Emphasis added). Still, the parties disagree on how the Court should interpret this statute.

Ohio Casualty maintains the Court should stick to the text's plain meaning. The Foundation does not. Instead, it asks the Court to review irrelevant case law, consult a different limitations period, and insert an extraneous and unrelated provision into the statute.

But where "the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." *Hinton v. Sportsman's Guide, Inc.*, 285 So. 3d 142, 153 (Miss. 2019) (quoting *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011)). And here, after review, the Court finds Section 85-7-432(5)(a) is clear and unambiguous. Without question, the statute of limitations began running when KT abandoned the project.

## II. The Date of Abandonment Is Conclusively Established

KT abandoned the project on or before December 31, 2024. This date has been conclusively established. The Foundation neither presented any evidence nor made any contrary summary judgment arguments. In fact, before filing its counterclaim, the Foundation twice maintained that KT had abandoned the project in December 2024. The Foundation's board minutes also establish this abandonment date. Furthermore, by not timely responding to Ohio Casualty's requests for admission about the abandonment date, those requests are deemed admitted. FED. R. CIV. P. 36(a)(3).[4] Or, as the Federal Rules of Civil Procedure put it, they are "conclusively established." FED. R. CIV. P. 36(b). So by neither responding to Ohio Casualty's requests for admission nor seeking to withdraw or amend the admissions, the Foundation has admitted KT abandoned the project on or before December 31, 2024.

So the one-year statute of limitations commenced that date. Yet the Foundation did not file its counterclaim until April 28, 2026, roughly three months too late. Because of this time bar, the Foundation wholly missed its chance to sue Ohio Casualty under the Performance Bond.[5]

Facing the reality of the one-year limitations period, the Foundation turns to *C & I Entertainment, LLC v. Fidelity Deposit Company of Maryland*. *See* No. 1:08CV16, 2008 WL 4755413 (N.D. Miss. Oct. 27, 2008). And it suggests the Court should disregard the statute's plain text and instead judicially decree that the one-year limitations period did not begin until certain

---

[4] "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 36(a)(3).

[5] Ohio Casualty alternatively argues the bond is void ab initio because KT was not licensed for commercial construction projects. So the Court also denies the Foundation's Motion to Stay Discovery—as it relates to that argument. [36] Having determined the Foundation's performance bond claim is time barred, the Court need not resolve that issue.

bond conditions were met. *See id.* But the Court notes that *C & I* involved an entirely different, and for purposes of this case, irrelevant limitations period—Section 15-1-49. *Id.* That is Mississippi's general statute of limitations. And it is a catchall three-year limitations period for "[a]ll actions for which no other period of limitation is prescribed[.]" Miss. Code Ann. § 15-1-49. Section 85-7-432(5)(a), however, applies specifically to performance bond claims. In short, what the Foundation is asking the Court to do is disregard the proper limitations period. This is not an option. *See Hinton*, 285 So. 3d at 153.

Again, under Section 85-7-432(5)(a), the one-year limitations period commences when the earlier of two specific events occurs—"abandonment by the bond principal or termination by the bond obligee." And this Court cannot judicially graft a three-year accrual provision to a statute that lacks one.

## Conclusion

Because no suit on this bond was initiated within one year of KT's abandonment, The Ohio Casualty Insurance Company's Motion for Summary Judgment [29] is **GRANTED**. And the Fannie Lou Hamer Cancer Foundation's Motion to Stay Discovery [36] is **DENIED**.

**IT IS HEREBY DECLARED** that The Ohio Casualty Insurance Company is not liable to the Fannie Lou Hamer Cancer Foundation under Bond No. 17252370.

The Fannie Lou Hamer Cancer Foundation's counterclaim [7] is therefore **DISMISSED with prejudice**.

This case is **CLOSED**. A separate final judgment will issue this day.

**SO ORDERED**, this 16th day of October, 2026.

/s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI